UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TONIA T,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No: 1:21-cv-507

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff's motion for attorney's fees has been referred to the undersigned for initial review. I now recommend that the pending motion be GRANTED.

**I.     Background**

Through counsel, Plaintiff filed this judicial appeal of the Commissioner's denial of her application for disability insurance benefits ("DIB"). On March 10, 2021, this Court granted the parties' joint motion to reverse and remand for further review under sentence four of the Social Security Act. (*See* Docs. 8, 9). On March 25, 2021, the Court granted the parties' joint stipulation/motion for attorney's fees and expenses under the Equal Access for Justice Act ("EAJA"). (Docs. 11, 12). On October 1, 2022, the Social Security Administration issued a Notice of Award. (Doc. 13 at 13, PageID 1570).  On December 12, 2022, Plaintiff's counsel filed a motion seeking an additional fee award under the provisions of the Social Security Act, 42 U.S.C. §406(b). On December 15, 2022, the Commissioner filed a response stating that the Commissioner does not oppose the additional fee award. (Doc. 14).

## II. Analysis

Unlike the previously awarded EAJA fee award, fees under the provisions of the Social Security Act are paid from Plaintiff's past-due benefits award. Courts therefore have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap." *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)). In this case, 25% of the past due benefits award yields a maximum fee of $12,263.25. Counsel acknowledges receipt of a prior EAJA fee award in the amount of $3,900.00 for the work performed in this Court, which will be applied as an offset against the fee sought under 42 U.S.C. § 406(b).[1] Thus, although the total *gross* fee sought by counsel in the pending motion is equivalent to the maximum statutory fee of $12,263.25 when the EAJA payment is included, counsel seeks a *net* additional fee award of $8,363.25 ($12,263.25 - $3,900.00 = $8,363.25).

### A. The Timeliness of Counsel's Motion

Motions for attorney's fees under the Social Security Act must be filed in a timely manner. For § 406(b) awards, the motion must be filed within forty-five days of the Notice of Award. *See* Local Rule 54.2(b). Here, the motion for fees is untimely on its face, insofar as the Notice of Award is dated October 1, 2022, but the motion for fees was not filed until December 12, 2022. Nevertheless, the undersigned recommends that the motion be construed as timely filed based upon equitable tolling.

While it is preferable for counsel to move to extend the forty-five day period if a

---

[1] If the EAJA award were not subtracted as an offset, counsel would be required to refund the prior EAJA fee to the client in order to avoid a double-recovery for the same work.

2

motion cannot be timely filed, see *Pennington v. Comm'r of Soc. Sec.*, Case No: 1:17-cv-264, 2019 WL 3228896 at *2, n.3 (S.D. Ohio July 18, 2019), equitable tolling may be applied in appropriate circumstances to extend the limitations period. Here, equitable tolling is appropriate. A different attorney represented Plaintiff at the administrative level, and current counsel did not assume representation of Plaintiff until shortly before he filed this successful judicial appeal. Apparently due to an administrative error, current counsel did not receive a copy of the October 1, 2022 Notice of Award until December 5, 2022. Counsel quickly filed his motion for fees in this Court one week later. *Contrast Hancock v. Comm'r*, Case No. 1:15-cv-198, 2018 WL 4292149 (S.D. Ohio Sept. 10, 2018 (reducing fee based on motion filed more than six months out of time without explanation); *Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449 (6th Cir. 2018) (affirming denial of § 406(b) motion filed outside of limitations period of local rule, where no equitable factors justified tolling).

**B. The Reasonableness of Counsel's Fee**

In *Ringel*, this Court meticulously set forth the "guideposts" most frequently used to determine whether a fee up to the statutory maximum avoids a windfall and is "reasonable," including: (1) the *Hayes* test;[2] (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors. In accord with the *Ringel* guideposts, the undersigned first calculates the hypothetical hourly fee in order to assess it under the Sixth Circuit's longstanding *Hayes* test.

Counsel expended 20.25 hours on work performed in this Court in the above-

---

[2] *See Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).

3

captioned case. The proposed total gross fee award for that work ($12,263.25) divided by the number of hours expended yields a hypothetical hourly fee of $605.59. A fee is "per se reasonable" under *Hayes* if it is less than twice the attorney's hourly rate. *Hayes*, 923 F.2d at 422. Where there is no objection and the proposed award is reasonable under the *Hayes* test, "the windfall analysis is complete." *Ringel*, 295 F. Supp.3d at 829.

Plaintiff's counsel represents that his hourly rate is $350.00 per hour, "based on over 40 years of experience in the downtown Cincinnati area." (Doc. 13 at 3, PageID 1560). In support of that rate, he has filed a copy of an affidavit apparently signed and notarized more than 13 years ago[3] in which he states that his "hourly rate for work done of [sic] Social Security/SSI cases is $350.00 per hour based on my background and experience and the office location in the downtown Cincinnati, Ohio area." (Doc. 13 at 8, ¶7, PageID 1565). Plaintiff supports his asserted rate with two excerpted tables from a 2019 Ohio State Bar Association survey entitled "The Economics of Law Practice in Ohio in 2019."

Counsel's asserted hourly rate and use of the OSBA survey data are persuasive on the whole. On the one hand, virtually all social security cases are taken on a contingent fee basis, meaning that few practitioners – if any – charge their social security clients a true "hourly rate." And the OSBA survey data offers only general information and may not be entirely accurate due to skewed and/or abnormally small sample sizes.[4] On the other hand, consistent with the 2009 affidavit, Plaintiff's counsel has represented to this Court

---

[3] The affidavit was filed with counsel's motion on December 12, 2022, but reflects that it was "[s]igned and sworn to this 2nd day of October, 2009." (Doc. 13 at 8, PageID 1565).

[4] For example, based upon a sample size of just 4 responding practitioners throughout the state, the OSBA survey states that social security practitioners have a median billing rate of $363 per hour. But such "hourly rates" are not fully consistent with the prevailing contingent fee structure, in which virtually all clients are charged nothing at all unless and until some measure of victory is achieved.

4

for more than a decade that his usual rate is $350.00 per hour for representing social security claimants. *See e.g.*, *Beckstedt v. Comm'r of Soc. Sec.*, Case No. 1:13-cv-261-MRB-KLL, 2016 WL 554590, at *3 (S.D. Ohio, Feb. 10, 2016) (time sheets submitted from 2013, asserting hourly rate of $350.00); *Willis v. Comm'r of Soc. Sec.*, Case No. 1:10-cv-594, 2013 WL 4240835, at *5 n.3 (S.D. Ohio Aug. 14, 2013) (claiming $350.00 per hour for time billed in 2010-11 based upon then-37 years of practice). In addition, this Court has approved similar fee petitions submitted by the same counsel resulting in fee awards under § 406(b) ranging from less than $200 per hour to a hypothetical $600-$700 hourly range.

Counsel's current motion is "per se reasonable" because he seeks less than twice his usual hourly rate under *Hayes.* Based upon the well-supported motion and record presented, the undersigned recommends that counsel receive the full award he seeks, less an offset in the amount of the previously received EAJA award. *See generally, Patsy G. v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-684-KLL, 2023 WL 1778515, at *2 (S.D. Ohio Feb. 6, 2023) (approving same counsel's hypothetical hourly rate of $454.50); *Robin A. v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-555-MWM-KLL, 2022 WL 12929999, at *2 (S.D. Ohio, Oct. 22, 2022) (hypothetical hourly rate of $414.88). *Maureen R. v. Comm'r of Soc. Sec.*, Case No. 1:18-cv-09-TSB-KLL (S.D. Ohio April 27, 2022) (hypothetical rate of $750 per hour); *Decorrevont v. Comm'r of Soc. Sec.*, Case No. 1:17-cv-683, 2021 WL 2401185 (S.D. Ohio June 10, 2021) (hypothetical rate of $650 per hour); *Inskeep v. Comm'r of Soc. Sec.*, Case No. 1:18-cv-904-KLL, 2020 WL 6146391 (S.D. Ohio Oct. 20, 2020) (hypothetical rate of $283.58); *Shaw v. Comm'r*, Case No. 1:16-cv-1133-MRB-KLL, 2019 WL 5550575 S.D. Ohio Oct. 28, 2019) (hypothetical hourly rate of $700 per hour); *Norris v. Comm'r*, Case No. 1:17-cv-0587-KLL, 2019 WL 5456807 (S.D. Ohio Oct. 24,

2019) (same); *Bruce v. Comm'r*, Case No. 1:16-cv-758-TSB-KLL, 2019 WL 4126471, at *2 (S.D. Ohio, Aug. 30, 2019) (same).

### III.     Conclusion and Recommendation

Plaintiff's motion should be granted in full because the requested fee is within the 25% statutory cap on fee awards and is otherwise reasonable. Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion for an award of attorney's fees (Doc. 13) be **GRANTED IN FULL**, with counsel to be awarded a total net fee of **$8,363.25** under 42 U.S.C. § 406(b).

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TONIA T,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No: 1:21-cv-507

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).